**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02516-REB-KMT

ADRIENNE ARAGON,

    Plaintiff,

v.

MICHELE WAGNER, in her individual and official capacity,
ROBERT KLADDE, in his individual and official capacity,
JOHN DIXON, in his individual and official capacity,
LAUREN JOHNSON, in her individual and official capacity,
KEVIN PALETTA, CHIEF OF POLICE, LAKEWOOD POLICE DEPARTMENT, in his individual and official capacity, and
CITY OF LAKEWOOD, in its official capacity,

    Defendants.

## ORDER CONCERNING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion to Dismiss Amended Complaint and Jury Demand of Defendants Wagner, Dixon, Paletta, and the City of Lakewood**" [#32][1] filed Feb. 11, 2013; (2) **Defendant Robert Kladde's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#34] filed Feb. 11, 2013; and (3) the corresponding **Recommendation of United States Magistrate Judge** [#54] filed July 18, 2013.  The plaintiff filed objections [#57] to the recommendation, and the defendants filed responses [#58 &

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

#59] to the objections.  I overrule the objections, approve and adopt the recommendation in part, reject the recommendation in part, grant the motions to dismiss in part, and deny the motions to dismiss in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the defendants' responses to the objections, and the applicable case law.

As detailed in the recommendation, the plaintiff's claims are based on events which occurred on March 30, 2011.  According to the complaint [#26], the plaintiff, Adrienne Aragon, called 911 to seek the assistance of the police in removing her brother, his fiancé, and her father from her home.  The police arrived and some police officers became involved in a struggle with Ms. Aragon's father in the yard outside of Ms. Aragon's house.  During the struggle, Ms. Aragon walked toward the police officers and asked them to be careful because her father is disabled.  According to Ms. Aragon, at this point Officer Robert Kladde, one of the defendants, grabbed Ms. Aragon by the shirt and threw her backward "with extreme force."  *Complaint* [#26], ¶ 15.  Officer Kladde allegedly told Ms. Aragon to "shut up or I'll arrest you," and to "stay down."  Initially, Ms. Aragon complied with these commands but, due to the level of pain she was experiencing, she got up and went inside of her house or a neighbor's house.  *Id.*, ¶¶ 16 - 17.  Ms. Aragon says her left wrist was broken as a result of Officer Kladde's use of force.

Ms. Aragon's first claim for relief is a Fourth Amendment claim in which she alleges that the defendants seized her unreasonably and used excessive force against her.  As the magistrate judge noted, "(t)o state a claim of excessive force under the

Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" **Bella v. Chamberlain**, 24 F.3d 1251, 1255 (10th Cir. 1994); **Brooks v. Gaenzle**, 614 F.3d 1213, 1219 (10th Cir. 2010).  The magistrate judge concluded that Ms. Aragon's allegations do not state a Fourth Amendment claim because Officer Kladde's alleged actions do not constitute a seizure.  I disagree.

In **Lemery v. Beckner**, the plaintiff was struck in the eye by a pepper ball shot by a police officer.  323 F. App'x 644 (10th Cir. 2009) (unpublsihed).  The plaintiff was stopped momentarily because he was struck by the pepper ball and then he ran away. *Id*. at 648.  In **Lemery**, the United States Court of Appeals for the Tenth Circuit concluded that a Fourth Amendment seizure had occurred.  As a result of the firing of the pepper ball "there was 'governmental termination of freedom of movement through means intentionally applied.'"  323 F. App'x at 649 (quoting **Brower v. Cnty. of Inyo**, 489 U.S. 593, 596-97 (1989)).[2]  Presuming Ms. Aragon's factual allegations to be true, a brief and otherwise similar seizure occurred in this case.  Officer Kladde's alleged actions and statements readily can be seen as an intentional use of force by Officer Kladde.  Given the Tenth Circuit's persuasive holding in **Lemery** and Ms. Aragon's factual allegations, I am constrained to reject the recommendation to the extent the magistrate judge concluded that Ms. Aragon has not alleged facts sufficient to demonstrate a Fourth Amendment seizure.  I find and conclude that Ms. Aragon has stated a Fourth Amendment claim against Officer Kladde.

Ms. Aragon names police officers Michele Wagner and John Dixon as additional

---

[2] **Lemery** is an unpublished opinion and is not precedential or binding.  10th Cir. R. 32.1(A).  However, the **Lemery** opinion has persuasive value on the seizure issue.  The facts in **Lemery** are closely analogous to the facts in this case.  The **Lemery** court relied on published opinions of both the United States Supreme Court and the Tenth Circuit in reaching the conclusion that a Fourth Amendment seizure had occurred in that case.

defendants in her first claim for relief. Ms. Aragon alleges that Officer Wagner and Officer Dixon were present when Officer Kladde used force against Ms. Aragon, that law enforcement officers have an affirmative duty to intervene to prevent another officer from using excessive force, and that Officers Wagner and Dixon had a "reasonable opportunity to intervene since the incident transpired over the course of approximately one hour." *Complaint*, ¶¶ 25 - 33.  The magistrate judge recommends dismissing the first claim for relief as to Officers Wagner and Dixon because Ms. Aragon did not allege facts sufficient to support an underlying Fourth Amendment claim against Officer Kladde.

Given my conclusion that Ms. Aragon has alleged a viable Fourth Amendment claim against Office Kladde, I must determine whether Ms. Aragon has alleged a viable Fourth Amendment claim against Officers Wagner and Dixon based on Officer Kladde's alleged use of excessive force.  A claim based on a law enforcement officer's duty to intervene requires allegations which show that the officer was capable of preventing the harm caused by another officer.  *See **Vondrak v. City of Las Cruces***, 535 F.3d 1198, 1210 (10th Cir. 2008).  To survive a motion to dismiss, the factual allegations in a complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  ***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

The specific facts alleged in the complaint concerning Officer Kladde's use of force indicate that the use of force happened quickly.  *Complaint* [#26], ¶ 15.  None of the specific factual allegations in the complaint supports the conclusion that Officers Wagner and Dixon had a reasonable opportunity to intervene to prevent the alleged improper use of force by Officer Kladde when Officer Kladde grabbed Ms. Aragon by

4

the shirt and threw her backward "with extreme force." *Complaint* [#26], ¶ 15. On this basis, I conclude that Ms. Aragon's first claim for relief against Officers Wagner and Dixon must be dismissed for failure to state a claim on which relief can be granted.

Otherwise, I agree with the analysis and conclusions of the magistrate judge as stated in the recommendation. I sustain Ms. Aragon's objections [#57] to the extent she objects to the conclusion of the magistrate judge that no Fourth Amendment seizure occurred when Officer Kladde grabbed Ms. Aragon by the shirt and threw her backward with extreme force. Otherwise, I overrule Ms. Aragon's objections.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#54] filed July 18, 2013, respectfully is **REJECTED** to the extent the magistrate judge recommends that Officer Kladde's motion to dismiss [#34] be granted as to the plaintiff's first claim for relief, her Fourth Amendment excessive force claim;

2. That on the basis described in this order, the **Recommendation of United States Magistrate Judge** [#54] filed July 18, 2013, is **APPROVED** and **ADOPTED** concerning the recommendation of the magistrate judge that the motion to dismiss of defendants Wagner and Dixon [#32] be granted as to the plaintiff's first claim for relief, her Fourth Amendment excessive force claim;

3. That otherwise, the **Recommendation of United States Magistrate Judge** [#54] filed July 18, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

4. That the **Motion to Dismiss Amended Complaint and Jury Demand of Defendants Wagner, Dixon, Paletta, and the City of Lakewood**" [#32] filed Feb. 11, 2013, is **DENIED** as to the plaintiff's second claim for relief against defendants Michele Wagner and John Dixon;

5

5. That otherwise, under FED. R. CIV. P. 12(b)(6), the **Motion to Dismiss Amended Complaint and Jury Demand of Defendants Wagner, Dixon, Paletta, and the City of Lakewood**" [#32] filed Feb. 11, 2013, is **GRANTED**;

6. That **Defendant Robert Kladde's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#34] filed Feb. 11, 2013, is **DENIED** as to the plaintiff's first and second claims for relief against defendant Robert Kladde;

7. That otherwise, under FED. R. CIV. P. 12(b0(6), **Defendant Robert Kladde's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#34] filed Feb. 11, 2013, is **GRANTED**;

8. That under FED. R. CIV. P. 12(b)(6), the plaintiff's third, fourth, and fifth claims for relief are **DISMISSED** as to the defendants whose motions to dismiss are addressed in the recommendation and this order – Michele Wagner, Robert Kladde, John Dixon, Kevin Paletta, and the City of Lakewood;

9. That because all claims against them have been dismissed, defendants, Kevin Paletta and the City of Lakewood, are **DROPPED** as named parties to this action, and the case caption shall be **AMENDED** accordingly;

10. That at the time judgment enters, judgment **SHALL ENTER** without prejudice in favor of defendants Kevin Paletta and the City of Lakewood, and against the plaintiff, Adrienne Aragon, on each claim for relief alleged in the **Amended Complaint** [#26] filed January 28, 2013.

Dated September 16, 2013, at Denver, Colorado.

                                                                            **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge